**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN J. FISCHER,             )    NO. ED CV 12-1362-E
                       )
          Plaintiff,   )
                       )
   v.                  )    **MEMORANDUM OPINION**
                       )
MICHAEL J. ASTRUE, COMMISSIONER )
OF SOCIAL SECURITY,       )
                       )
         Defendant.   )
_____)

**PROCEEDINGS**

Plaintiff filed a Complaint on August 28, 2012, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on September 21, 2012.

Plaintiff filed a motion for summary judgment on January 29, 2013.  Defendant filed a cross-motion for summary judgment on February 28, 2013.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed September 4, 2012.

**BACKGROUND**

Plaintiff, who was born on January 8, 1952, sought disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of December 15, 1999 (Administrative Record ("A.R.") 101-04).  The Administrative Law Judge ("ALJ") observed, in pertinent part:

> The validity of claimant's application for disability insurance benefits was wholly dependent upon his allegations of total blindness in as much as claimant has had virtually no earnings therefore no sufficient quarters of credit to support a Title II claim.  In addition to total blindness, the claimant alleges musculoskeletal impairments which, standing alone cannot be addressed in a claim for disability insurance since claimant does not pass the earnings test as just described (A.R. 8).

The ALJ denied benefits, finding that "[t]he Claimant's vision problems do not fulfill the requirements of blindness sufficient to support a disability insurance claimant" (A.R. 11).  The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the

Administration used proper legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

To qualify for disability insurance benefits under Title II, the claimant must be "fully insured" and must also meet one of the four "Rules" set forth in 20 C.F.R. section 404.130.  See Adams v. Bowen, 872 F.2d 926, 927-29 (9th Cir.), cert. denied, 493 U.S. 851 (1989); Murray v. Commissioner, 2010 WL 5441630 (N.D. Ohio Dec. 28, 2010); see also 20 C.F.R. § 404.131.  A claimant meets "Rule I" only if the claimant has at least 20 quarters of coverage in the 40 quarter period ending with disability onset.  See 20 C.F.R. § 404.130(b); Cuevas-Lopez v. Astrue, 2010 WL 2835557, at *3 (D. Puerto Rico July 16, 2010); cf. Harvell v. Chater, 87 F.3d 371, 373 (9th Cir. 1996) (the classification inherent in "Rule I" does not violate due process).  A claimant meets "Rule II" only if the claimant's disability onset occurred before age 31.  See 20 C.F.R. § 404.130(c).  A claimant meets "Rule III" only if the claimant experienced a period of disability occurring before age 31.  See 20 C.F.R. § 404.130(d).  A claimant meets "Rule IV" only if the claimant is "statutorily blind," which is defined as "central visual acuity of 20/200 or less in the better eye with the use of correcting lens." See 20 C.F.R. §§ 404.130(e),

404.1581.  As discussed below, substantial evidence supports the
conclusion Plaintiff fails to meet any of these four Rules.

As to "Rule I," Plaintiff had no more than 16 quarters of
coverage during the 40 quarters preceding the alleged disability onset
date (or any date thereafter) (A.R. 108).  See 42 U.S.C. § 405(c)(3)
("The Commissioner's records shall be evidence for the purpose of
proceedings before the Commissioner of Social Security or any court of
the amount of wages paid to, and self employment income derived by, an
individual and of the periods in which such wages were paid and such
income was derived").  Thus, although Plaintiff may be "fully
insured," he does not meet the "20/40 requirement" of "Rule I."  See
20 C.F.R. § 404.130(b); Cuevas-Lopez v. Astrue, 2010 WL 2835557, at
*3; Valentine v. Astrue, 2008 WL 4936476, at *1 (N.D. Miss. Nov. 14,
2008).

As to "Rule II," Plaintiff was 47 years of age on the alleged
disability onset date (A.R. 101).  Thus, Plaintiff does not meet "Rule
II."  See 20 C.F.R. § 404.130(c).

As to "Rule III," there exists no evidence in the record of any
period of disability occurring prior to Plaintiff's 31st birthday.
Thus, Plaintiff does not meet "Rule III."  See 20 C.F.R. § 404.130(d).

As to "Rule IV," substantial evidence supports the conclusion
Plaintiff has never met the requirements for "statutory blindness"
(A.R. 193, 208-16, 221-231); see Adams v. Bowen, 872 F.2d at 928 ("the
definition of blindness should be read and applied literally")).

1    Indeed, Plaintiff now concedes he "has never been legally blind within
2    the definition of blindness required for disability on that basis
3    alone" ("Plaintiff's Motion for Summary Judgment for Remand or
4    Reversal," filed January 29, 2013, at 10).  Plaintiff does not meet
5    "Rule IV."  See 20 C.F.R. §§ 404.130(e), 404.1581.

6

7        Accordingly, substantial evidence supports the administrative
8    conclusion that Plaintiff does not qualify for disability insurance
9    benefits under Title II of the Social Security Act.  See Adams v.
10   Bowen, 872 F.2d at 927-29 (upholding denial of Title II benefits to a
11   claimant older than 31 who failed to meet the 20/40 requirement or the
12   test for statutory blindness); accord Murray v. Commissioner, 2010 WL
13   5441630, at *3-4; Mandile v. Commissioner, 2010 WL 3853180 (D. Or.
14   Sept. 28, 2010); see also Cuevas-Lopez v. Astrue, 2010 WL 2835557, at
15   *5 ("A determination of whether Plaintiff can engage in substantial
16   gainful activity is superfluous and irrelevant because Plaintiff is
17   categorically barred from general disability benefits for failure to
18   meet the 20/40 Rule").
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 7, 2013.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE